1  ALLEN STOWERS
   671 Peralta Avenue
2  San Francisco, California  94110
   Telephone: (415) 821-1111
3  *In: Propia Persona*



4

5              **UNITED STATES DISTRICT COURT**

6        **NORTHERN DISTRICT OF CALIFORNIA  -  SAN FRANCISCO DIVISION**

7

8  ALLEN STOWERS,                        ) Case No:  3:13-cv-05426-LB
   PLAINTIFF,                            )
9                                        )
                                         )
10 vs.                                   ) **PLAINTIFF' OPPOSITION TO**
                                         ) **DEFENDANTS MOTION TO DISMISS**
11 WELLS FARGO BANK, N.A. A/K/A ,        ) **PLAINTIFF'S COMPLAINT**
   WELLS FARGO MORTGAGE,                 )
12 SUCCESSOR BY MERGER TO                )
   WACHOVIA BANK, A/K/A WORLD            ) Hearing Date:   February 06, 2014
13 SAVINGS BANK ("WELLS FARGO BANK, )     Hearing Time:  09:30 A.M.
   N.A.") AND DOES 1 – 50, INCLUSIVE,    ) Location:        Courtroom C, 15th Floor
14 ALL PERSONS UNKNOWN CLAIMING          )
   TO HAVE LEGAL, EQUITABLE, LIEN,       ) [Honorable Magistrate Judge Laurel Beeler]
15 AND ESTATE AGAINST THE SUBJECT        )
   PROPERTY LOCATED AT 671 PERALTA       )
16 AVENUE IN SAN FRANCISCO,              )
   CALIFORNIA 94110,                     )
17 APN: 33-5637-022-01,                  )
   DEFENDANTS.                           )
18                                        )
19                                        )
                                         )
20

21 Plaintiff hereby submit his Opposition to Defendants Wells Fargo Bank, N.A. A/K/A , WELLS

22 FARGO MORTGAGE, SUCCESSOR BY MERGER TO WACHOVIA BANK, A/K/A

23 WORLD SAVINGS BANK ("WELLS FARGO BANK, N.A.") motion to dismiss Plaintiff's

24 Complaint as follows:

25

26

27

28

---
PLAINTIFF' OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

1
2

## TABLE OF CONTENTS

3   I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4   II.   THE DOCTRINE OF RES JUDICATA DOES NOT APPLY TO ANY OF

5   PLAINTIFF' CAUSES OF ACTION.   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6
7   III.   THE TENDER RULE DOES NOT APPLY HERE . . . . . . . . . . . . . . . . . . . . . 8

8         A.   THE FORECLOSURE SALE WAS VOID, NOT VOIDABLE . . . . . . . . . . 8

9         B.   IT WOULD BE INEQUITABLE TO APPLY THE TENDER RULE HERE   9

10            1.   Where the Trustee's Deed Upon Sale Transfers by Credit Bid to the

11   Beneficiary, Tender of the Full Debt is not Appropriate  . . . . . . . . . . . . . . . . . . . . . 9

12   IV.   PLAINTIFF HAVE PROPERLY ALLEGED A CAUSES OF ACTION AGAINST

13   DEFENDANTS FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

14
15   CODE SECTION 17200  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16   V.   PLAINTIFF HAVE PROPERLY ALLEGED CAUSES OF ACTION FOR BREACH

17   OF CONTRACT AND BREACH OF THE IMPLIED COVENAT OF GOOD FAITH

18   AND FAIR DEALING AGAINST DEFENDANTS.   . . . . . . . . . . . . . . . . . . . . . . 13

19   VI.   UNJUST ENRICHMENT IS A CAUSE OF ACTION  . . . . . . . . . . . . . . . . . . 14

20
21   VII...   PLAINTIFF' CANCELLATION CAUSES OF ACTION ARE PROPERLY PLEAD

22   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

23      A.   THE EXCEPTION SET FORTH IN CORPORATIONS CODE SECTION 191

24   DOES NOT APPLY TO MERS .   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

25      B.   PLAINTIFF DO NOT HAVE TO RETURN THE PRINCIPAL AMOUNT OF

26   THE LOAN PRIOR TO FILING A COMPLAINT TO RESCIND THE DEED OF TRUST

27
28

PURSUANT TO REVENUE AND TAXATION CODE SECTION 23304.5... . . . . . . . 15

C. DEFENDANTS MUST ESTABLISH THAT THEY HAVE A BENEFICIAL

INTEREST IN THE NOTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VIII. PLAINTIFF HAVE PROPERLY PLEAD A CAUSE OF ACTION FOR FRAUD

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IX. PLAINTIFF' HAVE PROPERLY PLEAD A CAUSE OF ACTION FOR

NEGLIGENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

X. CONCLUSION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

1

# TABLE OF AUTHORITIES

2

3

**Cases**

4    *Bank of the West v. Superior Court* (1992) 2 Cal.4[th] 1254, 1267. . . . . . . . . . . . . . . . . . . . 12

5    *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)  10, 11

6    *Biakanja v. Irving* (1958) 49 Ca.2d 647, 122 P.2d 293 . . . . . . . . . . . . . . . . . . . . . . . . . . 18

7    *Bisno v. Sax* (1959) 175 Cal. App. 2d 714, 728 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8
9    *Carter v. Deutsch Bank National Trust Company*, 2010 WL 424477 (N.D. Cal.) . . . . . . . . . 15

10   *Champlie v. BAC Home Loans Servicing, LP*, 2009 WL 3429622 (E.D.Cal.) . . . . . . . . . . . 15

11   *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal. 4th 189 . . 13

12   *Daugherty v. American Honda Motor Co., Inc.* (2006) 144  Cal. App. 4th 824 . . . . . . . . . . 12

13   *Dimock v. Emerald Properties, LLC* (2000) 81 Cal. App. 4th 868, 97 Cal. Rptr. 2d 255  . . . 8, 9

14
15   *Freeze v. Salot* (1954) 122 Cal. App. 2d 561  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16   *Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098 (N.D.Cal.) . . . . . . . . . . . . . . . 18

17   *Karlsen v. American Savings & Loan Assn.* (1971) 15 Cal.App.3d 117 . . . . . . . . . . . . . . . 8

18   *Landeros v. Pankey* (1995) 39 Cal. App. 4th 1167. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19   *In re Mitchell*, US Bk Ct.Nev. Case No. BK-S-07-16226 (August 19, 2008)  . . . . . . . . 16, 17

20
21   *Motors, Inc. v. Times-Mirror Co.* (1980) 102 Cal. App. 3d 735, 740 . . . . . . . . . . . . . . . . . 12

22   *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal. App. 3d 1089 . . . . . . . . . . . 18

23   *Onofrio v. Rice* (1997) 55 C.A.4th 413 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

24   *Pelletier v. Alameda Yacht Harbor* (1986) 188 Cal. App. 3d 1551  . . . . . . . . . . . . . . . . . . 7

25   *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal. App. 3d 509, 530 . . . . . . 12

26   *Peterson v. Cellco Partnership* (2008) 164 Cal. App. 4th 1583 . . . . . . . . . . . . . . . . . . . . . 14
27

28

*Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 838-39 . . . . . . . . . . . . . . . . . . 12

*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal. App. 4th 1093, 1104 . . . . 12

*Storm v. America's Servicing Company et. al.*, 2009 WL 3756629, at 6 (S.D.Cal.) . . . . 10,11

*Vella v. Hudgins* (1977) 20 Cal. 3rd 251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

**Statutes**

California Business and Professions Code Section 17200 . . . . . . . . . . . . . . . . 11, 12, 13

California Civil Code Section 2924h(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

California Civil Code Section 2932.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

California Code of Civil Procedure Section 1161a . . . . . . . . . . . . . . . . . . . . . . . . . 6

California Corporations Code Section 191(c)(7) . . . . . . . . . . . . . . . . . . . . . . . . . 15

California Corporations Code Section 2105(a) . . . . . . . . . . . . . . . . . . 10, 11, 13, 17

California Revenue and Taxation Code Section 23304.5 . . . . . . . . . . . . . . . . . . . . . . 15

1

2 **MEMORANDUM OF POINTS AND AUTHORITIES**

3 **I.**

4 **INTRODUCTION**

5　　　Defendants' Motion to Dismiss Plaintiff's Complaint is without technical or legal merit.

6 To the contrary, for the reasons set forth below, each and every cause of action set forth in the

7 complaint is properly plead and Defendants' demurrer should be overruled in its entirety.

8

9 Alternatively, if the Court finds that one or more causes of action are not properly plead,

10 Plaintiff seek leave of court to amend the complaint to cure any defects.

11 **II.**

12 **CAUSES OF ACTION**

13　　　Defendants play a prominent role in the secondary market for residential mortgage loans

14 by acquiring, servicing, and selling large volumes of such loans. In recent years, during the

15 explosive growth of the mortgage industry, defendants acquired and securitized loans at a rapid

16 pace, paying inadequate attention to the integrity of consumers' loan information and to sound

17 servicing practices. As a result, in servicing Plaintiff loan, defendant neglected to obtain timely

18

19 and accurate information on consumers' loans, made inaccurate claims to consumers, and

20 engaged in unlawful collection and servicing practices.

21　　　Defendants operate a vertically integrated mortgage business, which includes the

22 acquisition and servicing of residential mortgage loans, and the packaging of those loans into

23 mortgage backed securities ("MBS") for sale to investors. After the loans have been packaged

24 into MBS and sold on the secondary market, Wells Fargo Bank, N.A. a/k/a Wells Fargo Home

25 Mortgage continues to service the loans pursuant to servicing agreements. In some instances,

26 also retains a residual ownership interest in the loans. Many of the loans acquired, serviced,

27

28

1  and sold by the defendants are subprime or "Alt-A," i.e. less than prime, or "A" credit.   These

2  loans include "nontraditional" mortgages such as pay option adjustable rate mortgages

3  ("ARMs"), interest-only mortgages, negative amortization loans, and loans made with little or

4  no income or asset documentation.

5  As a mortgage servicer, Wells Fargo Bank, N.A. a/k/a Wells Fargo Home Mortgage makes

6  various representations to borrowers, including on loans newly acquired by defendants.

7
8  Specifically, in collection calls and notices, monthly statements, foreclosure notices, bankruptcy

9  filings, and otherwise, defendant routinely makes representations to borrowers about their loans,

10  including: (1) the unpaid principal balance; (2) the due date; (3) the interest rate; (4) the

11  monthly payment amount; (5) the delinquency status; and (6) fees and corporate advances

12  assessed by prior loan servicers.  In many instances, Wells Fargo makes these representations to

13  borrowers within days of the transfer of the loans for servicing to third-party servicing firms.

14  Defendants charge borrowers a loan modification fee – typically, $500 and

15  automatically include this fee in the principal balance of the modified loan on which interest

16  accrued.  In doing so, defendant has caused borrower's loan balance to increase and created a

17  new transaction, but has failed to provide the borrower with new loan disclosures as required by

18
19  the TILA's Regulation Z.  In addition, defendant has misrepresented that its modification fee is a

20  corporate advance authorized by the mortgage contract, and has charged borrowers for the fee

21  without authorization.

22  In the course and conduct of their loan servicing and collection, defendants in numerous

23  instances have represented, expressly or by implication, that fees assessed and collected by

24  defendant were (a) allowed under the mortgage contract and (b) permitted by law.  However it

25  was discovered that fees assessed and collected by defendant were (a) not allowed under the

26
27
28

mortgage contract or (b) not permitted by law. Nonetheless, defendant improperly assessed and collected these fees.

Defendants' actions have caused and are likely to cause substantial injury to Plaintiff and other consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

Defendants acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

Plaintiff reasserts and incorporates by reference all the foregoing paragraphs. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that they possessed and relied on a reasonable basis substantiating their representations about plaintiff's loan. In truth and in t, in numerous reported instances, defendants have not possessed and relied on a reasonable basis substantiating their representations about consumers' loans. In truth and in t, in numerous instances, defendants have not relied on a reasonable basis substantiating their representations about plaintiff's loan. Therefore, defendants' representations as set forth in previous paragraphs are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Through great sacrifice and economic strife, Plaintiff had maintained current on mortgage payments. However in view of inevitable mortgage loan adjustments, unfair and unconscionable contract provisions engineered by defendant to force an eventual default (including any interest, fee, charge, or expenses incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1).

1    Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, the acts and practices alleged

2  and incorporated herein also constitute unfair or deceptive acts or practices in violation of the

3  FTC Act.

4                           **III.**

## PLAINTIFF HAVE PROPERLY ALLEGED A CAUSES OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

10    No California appellate case has addressed the application of California Business and

11  Professions ("B&P") Code Section 17200, *et seq.*, to the business practices of subprime

12  mortgage lenders and servicers at issue here. However, the California state courts have

13  repeatedly held that all that is necessary to establish a violation of B&P § 17200 *et seq.*, is to

14  show that the defendant is a business engaged in acts or practices that are unlawful, fraudulent or

15  unfair. Thus, "there are three varieties of unfair competition: practices which are unlawful,

16  unfair or fraudulent." Daugherty v. American Honda Motor Co., Inc. (2006) 144 Cal. App. 4th

17  824, 837. The unlawful practices prohibited by the statute are any practices forbidden by law,

18  be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. Saunders

19  v. Superior Court (1994) 27 Cal. App. 4th 832, 838-39. It is not necessary that the predicate law

20  provide for private civil enforcement. "Unfair," as used in the statute, simply means any practice

21  whose harm to the victim outweighs its benefits. "Fraudulent," as used in the statute, does not

22  refer to the common law tort of fraud but only requires a showing that members of the public are

23  likely to be deceived. Bank of the West v. Superior Court (1992) 2 Cal.4th 1254, 1267.

26    The "unfair" prong of section 17200 intentionally provides courts with broad discretion

27  to prohibit new schemes to defraud. Motors, Inc. v. Times-Mirror Co. (1980) 102 Cal. App. 3d

735, 740. An unlawful business practice or act is "unfair" when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. People v. Casa Blanca Convalescent Homes, Inc. (1984) 159 Cal. App. 3d 509, 530. "[T]he court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." State Farm Fire & Casualty Co. v. Superior Court (1996) 45 Cal. App. 4th 1093, 1104.

Here, Plaintiff's complaint alleges that Defendants' business acts and practices, include, but are not limited to, the following: (1) instituting improper or premature foreclosure proceedings to generate unwarranted fees; (2) misapplying or failing to apply customer payments; (3) seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due; (4) mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default; (5) treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements or California law; (6) Executing and recording false and misleading documents; and (7) acting as beneficiaries and trustees without the legal authority to do so. Thus, Plaintiff have properly alleged with specificity that Defendants engaged in deceptive, unfair and fraudulent conduct under both the "unlawful" and "unfairness" prongs of B&P § 17200. Defendants' practices are in violation of the laws set forth in Plaintiff' other causes of action. Additionally, the harm to Plaintiff outweighs any benefit. Accordingly, Defendants' demurrer to Plaintiff' B&P § 17200 should be overruled in its entirety.

IV.

## PLAINTIFF HAVE PROPERLY ALLEGED CAUSES OF ACTION FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENAT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANTS

With regard to Plaintiff' breach of contract cause of action, Defendants assert that Plaintiff have failed to allege the contract with specificity or attach a copy of it. However, a plaintiff may plead the legal effect of a contract rather than its precise language. Construction Protective Services, Inc. v. TIG Specialty Ins. Co. (2002) 29 Cal. 4th 189, 198–199. Here, Plaintiff have properly alleged that Defendants have breached the provisions within the note and deed of trust with regard to Defendants obligation to apply payments made by Plaintiff to interest and principal.

Moreover, Plaintiff have properly alleged the obvious damages, i.e., wrongfully determining that the loan was in default and proceeding with a foreclosure of the property pursuant to the power of sale provisions in the deed of trust. Accordingly, Defendants' demurrer should be overruled. Alternatively, Plaintiff respectfully request leave of court to amend the allegations within this cause of action as any deficiencies can be easily cured.

Defendants' demurrer to Plaintiff' breach of the implied covenant of good faith and fair dealing cause of action argues that the claim fails because Plaintiff have not properly alleged a contractual relationship with Defendants. However, the clearly alleges that, if the note and deed of trust were properly assigned to Defendants, they became parties to said contracts with benefits, duties and obligations arising there-from. As Defendants became parties to the note and deed of trust which governed the relationship between Plaintiff and Defendants, Defendants also owed a duty of good faith and fair dealing to Plaintiff which Plaintiff allege was breached. See , at § 89-92. Therefore, Defendants' demurrer to

1  Plaintiff' breach of the implied covenant of good faith and fair dealing cause of action must

2  be overruled in its entirety as well.

3  ### V.

4  ### UNJUST ENRICHMENT IS A CAUSE OF ACTION

5  Defendants' demurrer to Plaintiff' unjust enrichment cause of action is one of form over

6  substance. Defendants argue that unjust enrichment is not a cause of action in California.

7
8  However, recent case law suggests otherwise. Specifically, in Peterson v. Cellco Partnership

9  (2008) 164 Cal. App. 4th 1583, the court held that it was a valid cause of action and set forth the

10  required elements. Id. at 1593. Accordingly, Defendants' demurrer should be overruled in its

11  entirety. Alternatively, Plaintiff request leave to convert the cause of action to restitution.

12

13  ### VII.

14  ### PLAINTIFF' CANCELLATION CAUSES OF ACTION ARE PROPERLY PLEAD

15
16  Defendants make several arguments in support of their demurrers to Plaintiff'

17  cancellation causes of action, i.e., first, second, third, fourth, tenth, eleventh, twelfth, and

18  thirteenth claim for relief. However, for the reasons set forth below, none of Defendants'

19  arguments are meritorious.

20  ### A.    THE EXCEPTION SET FORTH IN CORPORATIONS CODE SECTION

21  ### 191 DOES NOT APPLY TO MERS

22
23  The issue of whether the exception set forth in Corporations Code Section 191(c)(7) (the

24  "creating evidences" exception) has been thoroughly analyzed by the court in Champlie v. BAC

25  Home Loans Servicing, LP, 2009 WL 3429622 (E.D.Cal.). The Champlie court specifically

26  held that the "creating evidences" exception does not apply to MERS and that claims arising out

27  of the t that MERS acted in violation of Corporations Code Section 2105(a) (requiring entities

28

that trant intrastate business in California to acquire a "certificate of qualification" from the California Secretary of State) cannot be dismissed at the pleading stage. Id. at \*11. The court's ruling was followed recently in Carter v. Deutsch Bank National Trust Company, 2010 WL 424477 (N.D. Cal.), at \*2. Accordingly, Defendants' demurrer to said causes of action on the ground that MERS did not have to be registered in California should be overruled.

## B. PLAINTIFF DO NOT HAVE TO RETURN THE PRINCIPAL AMOUNT OF THE LOAN PRIOR TO FILING A COMPLAINT TO RESCIND THE DEED OF TRUST PURSUANT TO REVENUE AND TAXATION CODE SECTION 23304.5

Curiously, Defendants next argue that Plaintiff must return the principal amount of the loan to MERS in order for the court to rescind the deed of trust pursuant to Section 23304.5. It can further be assumed that Defendants believe that the law somehow requires this payment to be made prior to the filing of the complaint as this demurrer only addresses allegations of the complaint. Regardless, Defendants seem to assume, for purposes of this argument, that MERS should be deemed a "taxpayer" pursuant to Section 23304.5 even though Defendants do not and cannot provide any evidence that MERS ever paid taxes in the State of California. Defendants make the further assumption that MERS provided "benefits" under the "contract." However, the truth of the matter is that MERS did not provide any benefits under any contract at issue here, MERS never paid anything to any party to this action and MERS never received any payments from Plaintiff. Accordingly, Defendants argument is frivolous and should be disregarded.

## C. DEFENDANTS MUST ESTABLISH THAT THEY HAVE A BENEFICIAL INTEREST IN THE NOTE

1    Defendants are correct in their assertion that actual physical possession of the original

2    note is not a requirement for a non-judicial foreclosure. However, said assertion is not relevant.

3    The relevant law is California Civil Code Section 2932.5 which provides that

4            "Where a power to sell real property is given to a mortgagee, or other

5            encumbrancer, in an instrument intended to secure the payment of money, the

6            power is part of the security and vests in any person who *by assignment* becomes

7            entitled to payment of the money secured by the instrument. The power of sale

8            may be exercised by the assignee if the assignment is *duly acknowledged and*

9
10           *recorded*." Cal. Civ.Code § 2932.5 (emphasis added).

11   Here, there was never an assignment from the original mortgagee (Quality Home Loans) to

12   MERS or anyone else. Moreover, assuming *arguendo*, that there was an assignment of

13   Quality's entire interest in the note and deed of trust to MERS or anyone else, said assignment

14   had to be "duly acknowledged and recorded," which it was not.

15
16           Instead, MERS was simply listed as a "nominee" of the beneficiary in the deed of trust.

17   That is, MERS was listed as a beneficiary in name only and not pursuant to any legal definition.

18   A nominee of a beneficiary is not the same as being the beneficiary. In re Mitchell, US Bk

19   Ct.Nev. Case No. BK-S-07-16226 (August 19, 2008), at p. 6. The deed of trust in Mitchell

20   contained a similar statement, namely that MERS is the nominee and beneficiary of US Bank.

21   This statement does not mean that MERS *is the beneficiary*. Similar to Section 2932.5, the

22   Mitchell court held that a "beneficiary" is defined as "one designated to benefit from an

23   appointment, deposition or assignment or to receive something as a result of a legal arrangement

24
25   or instrument." Id. (citing Blacks Law Dictionary).

26           No showing has been made that MERS had any financial interest in the note or deed of

27   trust. MERS was not the "lender." Only parties who have a financial interest are beneficiaries

28

PLAINTIFF' OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
14

1   and entitled to assign the note and deed of trust. Thus, the assignment of the Deed of Trust by

2   MERS is ineffective for all purposes. MERS had no interest to assign. The note was not

3   payable to MERS and MERS was not entitled to receive payments. Therefore, it was never

4   "entitled to payment of the money secured by the instrument" as Section 2932.5 requires for the

5   power of sale to be exercised by an assignee and was never an assignee of the note and deed of

6   trust with the power to assign it to Defendant Wells Fargo Bank, N.A.. Consequently, Plaintiff

7
    do not simply allege that Defendants acted without authority because they did not possess the
8
    original note but rather that they were never assigned the note and deed of trust pursuant to
9
10  Section 2932.5 and other relevant authority. Accordingly, Plaintiff is not based solely on a

11  "holder of the note" theory and, therefore, Defendants' argument lacks merit.

12

13                                           **VII.**

14
          **PLAINTIFF HAVE PROPERLY PLEAD A CAUSE OF ACTION FOR FRAUD**
15
                With regard to Plaintiff' fraud cause of action, Defendants make the boilerplate argument
16
17  that the cause of action lacks specificity. However, with regard to Wells Fargo Bank, N.A. there

18  has numerous allegations with regard to their fraudulent conduct. See, at § 17-22. Specifically,

19  Plaintiff allege that World Savings Bank, FSB received Plaintiff' payments but fraudulently

20  refused to credit them to Plaintiff' account even though Plaintiff provided evidence of payment.

21
    With regard to Wells Fargo Bank, N.A., Plaintiff properly alleges that Defendant threatened to
22
23  foreclose on Plaintiff' property even though they knew or should have known that it was not

24  properly assigned the note and deed of sale which provided the power of sale. Furthermore,

25  Plaintiff properly alleged justifiable reliance in Paragraph 49. Accordingly, Defendants'

26  demurrer to Plaintiff' fraud cause of action should be overruled. Alternatively, Plaintiff request

27  leave of court to amend this cause of action with greater specificity.

28

---

1

**VIII.**

2

**PLAINTIFF' HAVE PROPERLY PLEAD A CAUSE OF ACTION FOR NEGLIGENCE**

3    Defendants cite Nymark v. Heart Fed. Savings & Loan Assn. (1991) 231 Cal. App. 3d

4    1089, for the proposition that lenders never owe a duty to borrowers. However, the Nymark

5    court simply found that a duty was not owed in that case after analyzing them pursuant to the six

6    part test established in Biakanja v. Irving (1958) 49 Ca.2d 647, 122 P.2d 293. This test balances

7
     six non-exhaustive factors: (1) the extent to which the transaction was intended to affect the

8
     plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff
9
10   suffered injury; (4) the closeness of the connection between the defendant's conduct and the

11   injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of

12   preventing future harm. Biakanja, 49 Cal.2d at 650.

13   When applied to Defendants, unlike in Nymark, the factors clearly weigh in favor of the
14
     finding that Defendants owed Plaintiff a duty of care. See Garcia v. Ocwen Loan Servicing,
15
16   LLC, 2010 WL 1881098 (N.D.Cal.) (denying motion to dismiss negligence claim against loan

17   servicer and holding that servicer owed borrower a duty of care). Specifically, the servicing of

18   the loan was intended to affect Plaintiff and their home. Next, there was a clear foresee-ability

19   of harm to Plaintiff as he could, and did, lose his home, i.e., actual injury. Moreover, the loss of

20   Plaintiff home was a direct result of the Defendants' breach of their duty of care as they

21   recorded a notice of default and foreclosed on the property based on faulty grounds. Also, moral
22
     blame must be attached to the Defendants' conduct as they knowingly recorded a notice of
23
24   default even though Plaintiff provided proof of payments and foreclosed on the property

25   knowing that they did not have the legal authority to do so. Additionally, through legislation,

26   California has established a policy of preventing unnecessary and wrongful foreclosures which

27   this was. Therefore, Plaintiff' negligence cause of action is proper and Defendants' demurrer

28

---

1  in its' entirety, including their special demurrer, general demurrer, first, second, fifth, sixth,

2  seventh, eighth, ninth, tenth, twelfth, and thirteenth cause(s) should be overruled.

## IX.

## STATUTE OF LIMITATIONS

Defendants demurrer to Plaintiff second and fifth cause(s) of action on the basis that Plaintiff's claims are time barred is invalid. Taking into consideration *Aryeh v. Canon Business Solutions, Inc.,* 2013 WL 263509 (January 24, 2013), *Ayers* clarified the statute of limitations under the UCL by providing that common law rules of accrual (and the continuous accrual exception) apply to the statute. The UCL permits Plaintiff to "borrow" violations of other laws and treat them as unlawful practices that are independently actionable under the UCL. Furthermore, prior California Supreme Court precedent (e.g., *Cortez v. Purolator Air Filtration Products Co,.* 23 Cal.4th 163 (2000) allows Plaintiff to rely upon the UCL's four-year limitations even if the underlying legal violation has a shorter statute of limitations. Such precedent, coupled with the *Aryeh* decision, significantly expands the ability of Plaintiff to rely on the UCL to litigate claims that might otherwise be time-barred, particularly when there is a continuing wrong or recurring unfair business practice and even when such wrong or practice is not substantial (e.g., and excess copy charge).

While the Supreme Court did not specifically analyze the applicability of all of the other exceptions to the common law rules of accrual to the UCL (including, most significantly, the discovery rule), it is unanimous ruling together with (1) the advocacy of the California Attorney General's office (which filed an *amicus curiae* brief in favor of applying the continuous accrual and continuing violation exceptions to UCL claims), and (2) comments from the California Attorney General's office interpreting the *Aryeh* decision to permit equitable exceptions to accrual under the UCL (including the discovery rule), suggest that each of the common law exceptions to the rules of accrual may apply to the UCL's statute of limitations. The Supreme Court (1) agreed with the analysis and application of the discovery rule in *Broberg*, and (2) considered but

1  ultimately rejected the continuing violation exception in *Aryeh* based on the facts

2  presented also lends credence to the California Attorney General office's

3  interpretation.   Although, Plaintiff had a strong visceral since of unethical treatment

4  being oppressed and forced under duress to consider unreasonable compulsory loan

5  modification terms, it was not until a constant barrage of media coverage on radio,

6  television news reports, news paper publications and countless consumer fraud

7  broadcasts that Plaintiff realize that Defendants and each of them did willfully,

8
   intentionally and maliciously conspire to perpetuate a fraud upon Plaintiff. It was
9
10  this revelation that infuriated Plaintiff and led to this filing of formal civil complaint

11  within months of initial discovery.

12  
### X.

13  
### CONCLUSION

14
     For all of the foregoing reasons, Plaintiff respectfully requests that this Court
15
16  overrule Defendants' Demurrer to Plaintiff' Complaint in its entirety.  Alternatively, if the

17  Court finds that one or more of Plaintiff' causes of action have not been properly pled,

18  Plaintiff respectfully request leave of court to amend their complaint.

19

20  DATED:  January 16, 2014                    By:  /s/ALLEN STOWERS
                                                     Allen Stowers, Plaintiff
21

22

23

24

25

26

27

28

1 | ALLEN STOWERS
| 671 Peralta Avenue
2 | San Francisco, California 94110
| Telephone: (415) 821-1111
3 | *In: Propia Persona*

4

5 | **UNITED STATES DISTRICT COURT**

6 | **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

7

8 | ALLEN STOWERS,         )    Case No: 3:13-cv-05426-LB
| PLAINTIFF,                )

9 | vs.                      )    **CERTIFICATE OF SERVICE OF**
|                         **PLAINTIFF'S OPPOSITION TO**

10 |                         **DEFENDANTS MOTION TO DISMISS**
| WELLS FARGO BANK, N.A. A/K/A ,      **PLAINTIFF'S COMPLAINT AND**

11 | WELLS FARGO MORTGAGE,         **[PROPOSED] ORDER ON DEFENDANTS**
| SUCCESSOR BY MERGER TO        **MOTION TO DISMISS PLAINTIFF'S**

12 | WACHOVIA BANK, A/K/A WORLD      **COMPLAINT**
| SAVINGS BANK ("WELLS FARGO BANK, )

13 | N.A.") AND DOES 1 – 50, INCLUSIVE,    )
| ALL PERSONS UNKNOWN CLAIMING   )

14 | TO HAVE LEGAL, EQUITABLE, LIEN,    )   Hearing Date: February 06, 2014
| AND ESTATE AGAINST THE SUBJECT   )   Hearing Time: 09:30 A.M.

15 | PROPERTY LOCATED AT 671 PERALTA   )   Location:     Courtroom C, 15th Floor
| AVENUE IN SAN FRANCISCO,         )

16 | CALIFORNIA 94110,               )   [Honorable Magistrate Judge Laurel Beeler]
| APN: 33-5637-022-01,           )

17 | DEFENDANTS.                  )

18 |                             )

19 |                             )

20

21

22 | I, Donnell M. Evans state:

23 | My business address is 2287 Washington Avenue, San Leandro, California 94577-5917.

24 | My telephone number is (510) 357-0400 and fax number is (510) 614-2930. I am over the age

25 | of eighteen (18) years and not a party to this action. On the date set forth below, I served the

26 | foregoing document described as:

27

28

CERTIFICATE OF SERVICE OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND [PROPOSED] ORDER

1. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2. [PROPOSED] ORDER DENYING DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

On the following persons in this action:

Jeremy E. Shulman, Esq.
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459

Attorneys for Defendant,
WELLS FARGO BANK, N.A., successor by merger
to Wells Fargo Bank Southwest, N.A. f/k/a Wachovia
Mortgage, FSB and World Savings Bank ("Wells Fargo")

## ☑ **BY FIRST-CLASS MAIL, POSTAGE PREPAID**:

I, Donnell M. Evans, declare that:

1. I am readily familiar with the legal document processing and serving practices of **D.M. Evans** & **Associates**, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

2. On **January 16, 2014**, I served the documents noted herein, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at the San Leandro, California 94577 postal annex, addressed to the parties as set forth on the above noted service list pursuant to C.C.P.§§1013(a), 2015.5.

---

CERTIFICATE OF SERVICE OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND [PROPOSED] ORDER

1

2  ☑ **BY FACSIMILE TRANSMITTAL**

3     3.  On **January 16, 2014** a duplicate set of documents were faxed to the attention of

4  Defendant's attorney of record, Jeremy E. Shulman, of the LAW OFFICES OF ANGLIN,

5  FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN, LLP at facsimile number of record

6  (626) 577-7764.

7  I declare under penalty of perjury under the laws of the State of California that the forgoing is

8  true and correct.

9

10  Executed on **January 16, 2014**

11

12

13  Donnell M. Evans

14

15   /s/DONNELL M. EVANS

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CERTIFICATE OF SERVICE OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND [PROPOSED] ORDER

**HP Officejet Pro 8600 N911g Series**

**Fax Log for**
L and D Associates
510-895-5392
Jan 16 2014 2:17PM

### Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| Jan 16 | 2:06PM | Fax Sent | 6265777764 | 10:03<br>N/A | 25 | OK |

Jeremy E. Shulman, Esq.
**ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN, LLP**
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459

Telephone: (626) 535-1900
Facsimile: (626) 577-7764

ALLEN STOWERS  vs. WELLS FARGO BANK, N.A., et al

Case Number: 3:13-cv-05426-LB