IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLEN STOWERS,<br><br>        Plaintiff,<br>   v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>        Defendants.<br>_____/ | No. : 3:13-CV-05426-RS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR PERMISSION TO FILE A LIS PENDENS** |

## I.   INTRODUCTION

Plaintiff Allen Stowers filed the present action in state court on November 12, 2013. Defendant Wells Fargo Bank removed the case on November 21, 2013, invoking original subject matter jurisdiction under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and diversity jurisdiction under 12 U.S.C. § 1332.  Wells Fargo then filed a motion to dismiss Stowers' complaint in its entirety.  For the following reasons, Wells Fargo's motion is granted, some claims with leave to amend and others without.  Should Stowers choose to amend his complaint, he must do so within thirty days.  Additionally, Stowers' request for permission to file a lis pendens is denied.

## II.   BACKGROUND

In May 2006, Stowers obtained two loans from World Savings Banks, totaling $560,000, secured by a deed of trust recorded against his property located at 671 Peralta Avenue in San

1 Francisco, CA.  Approximately one year after receiving the loan, Stowers fell into default.  From 2008 to 2012 Stowers filed five bankruptcy petitions with the Bankruptcy Court for the Northern District of California.  Ultimately, the bankruptcy court dismissed all proceedings and issued an order barring Stowers from filing for bankruptcy for two years.  Upon final disposition of the bankruptcy proceedings, Wells Fargo filed a Notice of Default in April 2013.  The property was then transferred to Wells Fargo in September 2013.

From 2010 to 2013 Stowers filed three civil complaints in this district against Wells Fargo related to the above-referenced loans.  All of Stowers' complaints contain claims of predatory lending and unfair business practices.  Stowers filed his first complaint in March 2010.  The court dismissed it without prejudice but did not give him leave to amend.  Stowers filed a second complaint in August 2012, which the court dismissed with prejudice.  The third complaint, filed in November 2013, is the subject of the present action.  He generally alleges Wells Fargo "engaged in egregiously unfair and deceptive lending practices to steer Plaintiff into a loan that was destined to fail from the inception." (Compl. ¶ 7).  Stowers further claims that Wells Fargo deliberately removed knowledgeable loan officials from the loan process, presented consumers with low interest "teaser rates" that misrepresented the actual interest rates and potential for negative amortization, charged unconscionable fees, failed to provide him with adequate time and information to review the loan documents, and failed to comply with federal and state laws requiring it to assist him retain legal and physical ownership of the property.  In its motion to dismiss, Wells Fargo argues that Stowers' complaint fails to state a claim and that many of his claims are preempted by the Home Owners Loan Act and barred by res judicata.

### III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true). In considering a Rule 12(b)(6) motion, a district court generally may not look beyond the pleadings, with the exception of material properly submitted as part of the complaint or items for which a court may take judicial notice. *See Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir. 1984); *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir. 1978); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## IV.   DISCUSSION

### a.   Judicial Notice

Judicially noticeable facts are those whose "existence is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Lyon v. Gila River Indian Cmty*, 626 F.3d 1059, 1075 (9th Cir. 2010) (quoting *W. Radio Servs. Co. v. Qwest Corp*., 530 F.3d 1186, 1192 n.4 (9th Cir. 2008)). Wells Fargo requests judicial notice of seventeen documents pertaining to this case. The request is granted as to (1) Deed of Trust dated May 11, 2006, (2) Funding One Deed of Trust dated May 9, 2006, (3) Order Dismissing Complaint without Leave to Amend (Case No. C10-1119 SI) filed on May 17, 2010, (4) Judgment (Case No. C10-1119

SI) filed on May 17, 2010, (5) Complaint (Case No. C12-03871-CRB) filed by Stowers on July 24, 2012, (6) Order Dismissing Case with Prejudice (Case No. C12-03871-CRB) filed on September 25, 2012, (7) Judgment (Case No. C12-03871-CRB) filed on September 25, 2012, (8) Notice of Default dated and recorded on April 22, 2013, (9) Notice of Trustee's Sale dated July 31, 2013 and recorded August 12, 2013, and (10) Trustee's Deed Upon Sale dated September 6, 2013 and recorded September 10, 2013.  These documents are all true and correct copies of public records.

      b.  <u>Res Judicata</u>

Res judicata, also known as claim preclusion, bars re-litigation of "any claims that were raised or could have been raised" in a prior lawsuit. *Owens v. Kaiser Found Health Plan, Inc.*, 224 F.3d 708, 713 (9th Cir. 2001).  A defendant establishes res judicata by showing: (1) identity of claims, (2) final judgment of the claims on the merits, and (3) identity or privity between the parties. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  The similar identity of claims is established where both claims arise out of the "same transactional nucleus of facts." *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993).  Even where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts. *First Pacific Bancorp, Inc.,v. Helfer*, 224 F. 3d 1117, 1128 (9th Cir. 2000).  "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Id.*

In 2010 Stowers filed his first civil complaint, generally claiming Wells Fargo and Wachovia Bank engaged in predatory lending.  The complaint did not plead specific facts or legal theories sufficient to survive Wells Fargo's motion to dismiss.  The court dismissed the action without leave to amend.  Stowers filed another complaint in August 2012 presenting a cursory and generalized set of allegations filling one page.  He alleged:

> Attorney Generals have charged Whereas Wells Fargo Bank across the United States for unfair business practices and illegal foreclosures, Whereas Wells Fargo Bank has demonstrated unfair business practices in the attempt to take my family home of more than 50 years at 671 Peralta Avenue in San Francisco.

(Complaint at 9, *Stowers v. Wells Fargo*, Case No. C12-03871-CRB).  This statement is the closest the 2012 complaint comes to presenting a cognizable claim.  The court dismissed Stowers'

4

complaint but granted him leave to file an amended complaint within thirty days. When Stowers failed to file an amended complaint, the court dismissed the case with prejudice.

The first element of the res judicata analysis, identity of claims, is met in this case. Many of Stowers' present claims are premised on the same set of facts pleaded in the 2012 complaint. Although this filing goes into far more detail than his previous complaint, the claims are simply more detailed arguments of the same underlying allegation pertaining to his 2006 complaint. The second element, final judgment on the merits, was fulfilled when the court dismissed his 2012 complaint with prejudice, as dismissal with prejudice is equivalent to a decision on the merits. The final element, identity of the parties, is clearly met as Stowers has named Wells Fargo in all three complaints. Accordingly, to the extent Stowers' claims in this complaint were raised or could have been raised in his 2012 complaint, they are barred by res judicata. *See Owens*, 224 F.3d at 713.

c.  HOLA Preemption

Pursuant to its authority under the Home Owner' Loan Act of 1933 ("HOLA"), the Office of Thrift Supervision ("OTS") enacted a number of rules to regulate the lending process. 12 U.S.C. § 1464. One such regulation was 12 C.F.R. § 560.2, which preempts state laws pertaining to credit terms, origination, loan processing, and disclosure requirements. To the extent Stowers' complaint invokes state statutes or tort claims that have the effect of regulating a federal bank's loan terms, disclosure obligations, or similar matters, such statutes or claims are preempted by HOLA. *See Ortiz v. Wells Fargo Bank, N.A.*, C 10-4812 RS, 2011 WL 4952979 (N.D. Cal. May 27, 2011). There is no basis, however, to find that HOLA precludes claims based on alleged failures to conduct non-judicial foreclosures in conformance with the requirements of California law. *Id.* "A lender cannot on the one hand rely on California law as the foundation for its right to conduct a non-judicial foreclosure, and then on the other hand ignore restrictions and procedural requirements that are part of the process under California law." *Id.* Accordingly, although Stowers' claims relating to non-judicial foreclosure fail for other reasons discussed below, they are not preempted by HOLA.

d. Sufficiency of the Pleadings

Putting aside res judicata and HOLA preemption issues, all of Stowers' claims are substantively deficient. For each claim, Stowers either fails to present a discernible legal theory or fails to plead sufficient facts to support his alleged right to relief. *See Twombly*, 550 U.S. at 555.

i. Claims One and Seven: Violation of California's Unfair Competition Law

California's unfair competition law ("UCL") prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200. Accordingly, "an act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1554 (2007). A court may determine a practice is "unfair or deceptive" under the UCL "even if it is not unlawful." *Cal-Tech Commc'n, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999). Here, Stowers contends Wells Fargo violated all three prongs of the statute. To establish standing under the UCL, Stowers must "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by* the unfair business practice . . . ." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011) (emphasis in original).

a. "Unlawful" Prong

Stowers' "unlawful" arguments are predicated on Wells Fargo's alleged violations of multiple provisions of the California Civil Code. First, he claims Wells Fargo violated Cal. Civ. Code § 2923.5, which governs non-judicial foreclosure procedures. "The right conferred by Section 2923.5 is a right to be contacted to 'address and explore' alternatives to foreclosure prior to a notice of default. It is enforced by postponement of a foreclosure sale." *Mabry*, 185 Cal. App. 4th at 225. The complaint contains no averments that Wells Fargo failed to engage in a foreclosure avoidance assessment. Instead, Stowers alleges:

> Said agreement was never entered into after several representations from the Defendants that the principal loan amount would be adjusted in relation to present market value, Plaintiff would have a reduced monthly mortgage payment . . . . The principal amount was not adjusted in relation to current market value; and the agreement required Plaintiff to make a substantially higher monthly mortgage payment. Plaintiff has complied with all covenants except for those, but for the

6

breaches, suppression, concealment and wrongful acts of defendants, he was prevented from performing.

(Compl. ¶ 19–22). Wells Fargo was only required to meet with Stowers and discuss options to help him avoid foreclosure, which it apparently did. It was not required to adjust loan amounts if doing so was not a viable option. To the extent Stowers claims that the mortgage modification discussions occurred prior to, and separate from, Wells Fargo's § 2923.5 notification requirements, the complaint still fails. His allegations are contradicted by the Notice of Default, which includes a Declaration of Compliance with § 2923.5. The statute's notice requirement is presumed to be satisfied where there is a declaration of compliance. *See, e.g., Diaz v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 168332 (N.D. Cal. Nov. 25, 2013). Finally, Stowers lacks standing to pursue this particular claim because his alleged injury is not redressable. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 568 (1992). The sole remedy for a violation of Section 2923.5 is postponement of the foreclosure sale so that Wells Fargo may comply with the requirement. *Mabry*, 185 Cal. App. 4th at 214; *see also Quintero*, 2014 U.S. Dist. LEXIS 6807 at *21. Because the foreclosure sale was already completed, no relief is available to Stowers under this statute. *See Roberts v. J.P. Morgan Chase Bank,* Nos. 09-ov-01855-LHK, 09-CV-01879, 2011 U.S. Dist. LEXIS 24753 at *5 (N.D. Cal. Mar. 11, 2011).

Stowers further avers that Wells Fargo violated Cal. Civ. Code § 2923.6, which outlines legislative policy encouraging loan modifications where reasonable. That provision does not impose a duty upon Wells Fargo to negotiate or provide a loan modification, nor does it provide a claim for relief. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009). Accordingly, Stowers cannot seek relief by alleging a violation of § 2923.6.

The complaint also alleges that Wells Fargo violated Cal. Civ. Code § 1788.17, which creates state law liability for debt collectors who fail to comply with certain provisions of the Fair Debt Collection Practices Act ("FDCPA"). One such FDCPA provision prohibits debt collectors from engaging in false, deceptive, or misleading means in an attempt to collect a valid debt. *See* 15 U.S.C. § 1692e. Stowers presumably intends to plead that Wells Fargo violated this section by continuing to demand and accept mortgage payments on his property after it had already been foreclosed and intentionally misled him into believing that it had not foreclosed on his property (or

that the foreclosure occurred in error). Stowers, however, fails to plead facts sufficient to support such a claim. He does not explain who called him, when they called, or the nature of his conversation such that Wells Fargo can respond to his claims. *See* Fed. R. Civ. P. 8.

Finally, Stowers alleges a predicate violation of Cal. Civ. Code § 1572, which prohibits certain fraudulent acts relating to the formation of a contract. Stowers fails to identify the underlying contract that Wells Fargo is alleged to have induced him to sign. Presumably he intends to refer to his loan documents from 2006, as he has not identified any other contracts between the parties. To the extent he intends to plead that Wells Fargo acted fraudulently when inducing him to sign the loan documents, such a claim is barred by res judicata and preempted by HOLA.

### b. "Unfair" Prong

An unfair business practice is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *McDonald v. Coldwell Banker,* 543 F.3d 498, 506 (9th Cir. 2008) (internal quotation marks omitted). "The test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Smith v. State Farm Mutual Automobile Ins. Co.,* 93 Cal. App. 4th 700, 718 (2001). Although Stowers does not specify which Wells Fargo business practices are "unfair," earlier in his complaint he contends that Wells Fargo represented that his principal loan amount would be adjusted and that his monthly mortgage payment would be reduced. Assuming these are the specific actions to which Stowers refers, he still does not adequately point to specific acts by Wells Fargo—such as who made such a promise to him, when such a promise was made, and other circumstances surrounding the alleged promise—that would allow Wells Fargo to respond to his allegations. *See* Fed. R Civ. P. 8. Accordingly, he fails to state a viable UCL claim under the "unfair" prong of the statute.

### c. "Fraudulent" Prong

"Fraudulent," as used in the statute, refers to a likelihood that consumers or members of the public were or will be deceived by the defendant's business practices. *Olsen v. Breeze*, 48 Cal. App. 4th 608, 618 (1996). Although this statutory claim is different from common law fraud, UCL claims premised on fraudulent conduct trigger the heightened pleading standard required by Rule

8

9(b). *See Perez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 96706 (N.D. Cal. Aug. 29, 2011). As such, Stowers is required to "set forth what is false or misleading about a statement and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). The facts must be specific enough to give Wells Fargo sufficient notice of "the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).

He avers Wells Fargo continues to commit five types of fraud: (1) promising homeowners loan modifications that it had no intention of providing, (2) issuing Notices of Default without complying with the foreclosure requirements of § 2923.5, (3) recklessly or knowingly demanding documents from loan holders that had already been provided, (4) demanding and accepting mortgage payments on properties that were already foreclosed, and (5) intentionally misleading Stowers into believing that it did not foreclose on his property or had foreclosed on his property in error. These averments fail to meet the heightened standard required by Rule 9. He does not identify the specific representations that are alleged to be fraudulent. His allegations are insufficient to state a UCL claim based on the theory that members of the public would likely be deceived by communications from Wells Fargo. Moreover, Stowers alleges that these misdeeds harmed various "homeowners" and "borrowers." To the extent Stowers' claim is premised on alleged injuries occasioned to third parties, he lacks standing to vindicate others' rights or interests.

In sum, Stowers fails to state a claim for relief under California's Unfair Competition Law. To the extent his claim is based on unlawful conduct predicated on Cal. Civ. Code §§ 2923.5, 2923.6, and 1572, it is not viable and cannot be cured by amendment. To the extent Stowers can state a viable claim under Cal. Civ. Code §1788.17 or the "unfair" or "fraudulent" prongs by specifically identifying what representations or actions were fraudulent or unfair or deceptive, he is granted leave to amend.

        ii.   <u>Claim Two</u>: Breach of Implied Covenant of Good Faith and Fair Dealing.

To state a claim for breach of the implied covenant of good faith and fair dealing, Stowers must plausibly allege that: (1) a contract existed between himself and Wells Fargo, (2) he did all, or substantially all, of the significant things that the contract required him to do, or he was excused

9

from having to do those things, (3) the conditions required for Wells Fargo's performance occurred or were excused, (4) Wells Fargo unfairly interfered with his right to receive the benefits of the contract, and (5) he was harmed by Wells Fargo's conduct. *Carma Developers v. Marathon Development Calif.*, 2 Cal. 4th 342, 371 (1992). Importantly, "the implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. 'The covenant of good faith is read into contracts in order to protect the express covenants of promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.'" *Racine & Laramine, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–32 (1992) (quoting *Foley v. Interactive Data Corp.*, 27 Cal. 3d 654, 690 (1988)). "As a general matter, a court should not conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing." *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862 (N.D. Cal. 2010).

The complaint fails to identify the underlying contract between Stowers and Wells Fargo. Assuming his averments refer to one (or both) of the underlying loan agreements from 2006, he fails to identify facts that would establish the second, third, and fourth elements of this claim. He does not show that he did all, or substantially all, of the significant things that the contract required him to do, instead admitting "it became economically impossible to meet the monthly obligation" required by the loan agreement. Here, the Deed of Trust allowed for foreclosure if Stowers failed to meet his payment obligations. A court should presume that a foreclosure does not breach the implied covenant of good faith and fair dealing when it is conducted according to the terms of the Deed of Trust. *See Davenport,* 725 F. Supp. 2d at 862. Stowers does not allege that he met his payment obligations. As a result, he fails to plead sufficient facts that would support a claim of breach of the implied covenant of good faith and fair dealing.

In addition, contractual breach of the implied covenant of good faith and fair dealing is subject to a four-year statute of limitations when predicated on a contract theory. *See Frazier v. Metropolitan Life Ins. Co.,* 169 Cal. App. 3d 90, 102 (1985) (*citing* Cal. Civ. Proc. Code § 337). Again assuming that the underlying contracts are the 2006 loan agreements, Stowers is years outside of the statute of limitations. Moreover, even application of the doctrine of equitable tolling would

not save this claim, as it is preempted by HOLA and barred by res judicata. Accordingly, this claim is dismissed without leave to amend.

### iii. Claim Three: Slander of Title.

Slander of Title occurs when a person or entity, "without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Stablerg v. Western Title Ins. Co.*, 27 Cal. App. 4th 925, 927 (1994). Essentially, "the recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. Cnty. Of Madera*, 795 F. Supp. 2d 1047, 1068 (E.D. Cal. 2011) (citing *Seeley v. Seymour*, 190 Cal. App. 3d 844, 847 (1987)). Stowers must establish that Wells Fargo: (1) intentionally (2) published (3) a false statement (4) without privilege or justification and (5) disparaged his property (6) resulting in direct and immediate pecuniary loss. *Gudger v. Manton*, 21 Cal. 2d 537, 541-43 (1943). Stowers' Slander of Title claim is based on his underlying allegation that Wells Fargo's foreclosure documents are invalid. He claims Wells Fargo failed to follow the appropriate state law foreclosure proceeding requirements—alleging a general failure "to follow the statutory rules for a valid foreclosure under the California Civil Code" and more specific failures to comply with the notice requirement of Cal. Civ. Code § 2923.5.

While he sufficiently pleads the first and second elements, Stowers fails to allege facts sufficient to support the other elements required for a claim of Slander of Title. Where there is no false statement there can be no slander. As noted above in the discussion of Claim One, Wells Fargo's declaration of compliance with §2923.5 presumptively establishes that it fulfilled the requirements of the statute. *See e.g., Diaz,* 2013 U.S. Dist. LEXIS 168332. Even assuming Stowers did not receive notice, or that he is referring to other defects in the foreclosure documents, his claim still fails because he cannot establish lack of privilege, the fourth element. Nonjudicial foreclosure documents are subject to privilege. *See* Cal. Civ. Code § 47(c)(1); *Dubose v. Suntrust Mortg., Inc.,* U.S. Dist. LEXIS 55356 at *3 (N.D. Cal. Apr. 19, 2012) (dismissing a Slander of Title claim because notice of default and notice of trustee sale are subject to privilege). Because these documents are privileged as a matter of law, amendment would be futile. Accordingly, this claim is dismissed without leave to amend.

        iv.   <u>Claim Four</u>: Alter Ego Liability.

Stowers brings a fourth claim for relief labeled "Alter Ego Liability," presumably in an attempt to pierce the corporate veil to reach the assets of Wachovia Bank, World Savings Bank, and MERS.  Alter ego liability allows a parent corporation and its subsidiary to be treated as a single economic entity where there is a unity of interest and ownership between them.  The doctrine also requires that inequity would result from the failure to pierce the corporate veil.  *Walker v. Signal companies*, 84 Cal. App. 3d 982, 1001 (1978).  Generally, the corporate veil will only be pierced where the plaintiff can show that the company was intentionally set up to avoid liability or was intentionally under-capitalized when formed.  *Sea-Land Services, Inc. v. Petter Source*, 993 F.2d 1309, 1311-12 (7th Cir. 1993).

As an initial matter, Stowers' alter ego allegations are irrelevant with respect to Wachovia Bank and World Savings Bank.  Wells Fargo does not dispute it is the successor in interest to World Savings Bank, subsequently known as Wachovia Mortgage.  The entities merged into one legal entity, Wells Fargo, in 2009.  Stowers appropriately names Wells Fargo Bank as the defendant in his complaint, rendering any alter ego liability claims for Wachovia Bank and World Savings Bank unnecessary.

Stowers also names Mortgage Electronic Registration Systems ("MERS") as an alter ego of Wells Fargo but fails to plead facts connecting MERS to either Wells Fargo or to his loan and subsequent foreclosure.  Accordingly, this claim is dismissed with leave to amend to the extent Stowers can plead facts sufficient to connect MERS to his claim.

        v.   <u>Claim Five</u>: Breach of Contract.

Stowers argues Wells Fargo breached the parties' loan modification agreements.  In particular, his complaint avers:

> In or around June 2011, Plaintiffs' attempted to mitigate tangible and economic injury through a loan modification contract with Defendant.  However, Defendant refused to agree to reasonable debt reduction terms and conditions sufficient to validate a viable loan adjustment plan.  By performing the acts described herein, Defendants continually breached their contractual obligations under the loan modification agreement(s).  Despite demand, Defendants refused to adjust the loan to present market value with a resulting reduction in monthly mortgage payments.

(Compl. ¶ 48). To bring a claim for breach of contract, Stowers must first allege that a contract existed. Stowers fails to provide any documentation or make averments that the parties actually entered into any such contract, instead admitting "said agreement was never entered into after several representations from the Defendants that the principal loan amount would be adjusted in relation to present market value . . . ." (Compl. ¶ 19). Because Stowers fails to identify the underlying modification agreement that Wells Fargo is alleged to have breached, he fails to plead facts sufficient to put Wells Fargo on notice as to the nature of the claim against it. Accordingly, this claim is dismissed. To the extent Stowers can plead facts establishing the existence of an underlying contract, he is granted leave to amend.

### vi. Claim Six: Unjust Enrichment

Stowers claims Wells Fargo, "by their wrongful acts and omissions . . . have [sic] been unjustly enriched at the expense of Plaintiff, and thus Plaintiff have [sic] been unjustly deprived." While California courts generally characterize unjust enrichment as a remedy only, a few courts have held that it may be treated as a stand-alone claim for relief. *Compare Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779 (2003) (holding unjust enrichment is not a cause of action but rather "the result of a failure to make restitution under circumstances where it is equitable to do so"), *with Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723 (2000) (allowing a claim of unjust enrichment to stand) *and Fammilop v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 3249 (C.D. Cal. Jan. 4, 2011). The Ninth Circuit has weighed in by describing unjust enrichment as a general principle underlying other doctrines and remedies. *See Bosinger v. Belden CDT, Inc.,* 358 F. App'x 812 (9th Cir. 2009). To the extent the principles of unjust enrichment are relevant to any of Stowers' claims, pleading this claim separately serves no purpose. Even if it were treated as a separate claim, Stowers fails to establish the basic underlying requirement: enrichment that lacks an adequate legal basis. *See* Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011). Stowers does not adequately plead that Wells Fargo was not entitled to foreclose on his property. Instead, he makes a sweeping statement that its acts were wrongful without providing specific facts to support his claims. Because California does not recognize unjust enrichment as a stand-alone claim, amendment would be futile. Accordingly, the claim is dismissed without leave to amend.

      vii. <u>Claim Eight</u>: Violation of the Truth in Lending Act.

A claim for damages under TILA is subject to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e); *see also Mayer v. Ameriquest Mort. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The statutory period begins running after the transaction at issue is officially completed. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Stowers apparently challenges loan transaction activities occurring in 2006. Accordingly, it is many years past the applicable limitations period. Moreover, the doctrine of equitable tolling (which would suspend the limitations period until Stowers discovered or had reasonable opportunity to discover the alleged nondisclosures) would not save this claim, as res judicata bars any TILA challenges that could have been asserted in the 2012 complaint. Because these deficiencies cannot be cured by amendment, this claim is dismissed without leave to amend.

      viii. <u>Claim Nine</u>: Violation of California Civil Code § 2923.5.

As explained above in the discussion of Claims One, Three, and Seven, Stowers cannot avail himself of § 2923.5. Accordingly, his Ninth claim is dismissed without leave to amend.

      ix. <u>Claim Ten</u>: Defamation.

Stowers claims Wells Fargo defamed him by "making the false statements to the credit reporting agencies," resulting in harm to his credit and reputation. (Compl. ¶ 73). Defamation is "the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1149 (2000). A credit report, even one that causes harm, cannot be deemed defamatory if it is true. *Francis v. Dun & Broadstreet, Inc.,* 3 Cal. App. 4th 535, 540 (1992).

Stowers does not allege a specific defamatory statement made by Wells Fargo, instead admitting that "it became economically impossible to meet the monthly obligation." (Compl. ¶ 25). Stowers ceased making his monthly mortgage payments. Accordingly, regardless of how the loan was obtained, Wells Fargo's reports to credit reporting agencies were true. Because a true statement cannot be defamatory, this claim must be dismissed. *See Hejmadi v. Amfac, Inc.*, 202 Cal. App. 3d 525, 553 (1988). To the extent Stowers can plead additional facts, such as actual false statements made by Wells Fargo that caused him harm, he may amend this claim.

x. <u>Claim Eleven</u>: False Light.

Much like defamation, the "false light" privacy tort requires the plaintiff to plead that defendants made a harmful false statement. *See Fellows v. Nat'l Enquirer, Inc.,* 42 Cal. 3d 234, 228 (1986) (listing the five elements for a "false light" claim). As discussed above, Stowers failed to make payments on his loans. Because the facts reported to the credit agencies were apparently true, this claim must be dismissed. To the extent Stowers can plead additional facts, such as actual false statements made by Wells Fargo, he is granted leave to amend.

xi. <u>Claim Twelve</u>: Void or Cancel Assignment of Deed of Trust.

Stowers seeks an order deeming the Assignment of the Deed of Trust void and canceling the assignment to Wells Fargo. His claim rests upon the allegation that Wells Fargo was wrongfully assigned his Deed of Trust, and thus did not have standing or legal authority to initiate foreclosure proceedings. Wells Fargo correctly asserts that it did not obtain his Deed of Trust through assignment, but rather as a successor-in-interest due to a merger with World Savings Bank. The Note and the Deed both refer to the Lender as "World Savings Bank, FSB, its successors and/or assignees." *See Christiansen v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 63139, at *3 (N.D. Cal. May 1, 2013) ("Many courts have recognized Wells Fargo's interest in the note and deed of trust following World Savings Bank's name change and eventual merger with Wells Fargo . . . . Accordingly, the court finds the Defendant has the right to enforce the terms of the note and deed of trust."). It is clear that Wells Fargo obtained the right to foreclose on Stowers' property when it obtained his Deed of Trust through the merger with World Savings Bank. Accordingly, absent additional facts to support a claim of invalid assignment, Stowers' allegations do not support a claim to void or cancel assignment of the deed of trust. Leave to amend is granted to the extent Stowers can plead additional facts that show deficiencies in the original deed of trust.

xii. <u>Claim Thirteen</u>: Cancellation of a Voidable Contract under the Revenue and Tax Code §§ 23304.1 and 23305A and in Violation of California Corporate Code §191(C)(7).

Stowers alleges that MERS violated various provisions of the California Tax and Corporate Codes. As previously covered in the discussion of the Fourth Claim for alter ego liability, Stowers does not lay out facts connecting MERS to his mortgage, Deed of Trust, or any other transaction

involving his initial loan documents and subsequent foreclosure. It is entirely unclear what Stowers is alleging MERS has done and to what part of his claim it is connected. Moreover, Stowers does not name MERS as a defendant in this case. While he names "all parties unknown claiming to have legal, equitable, lien and estate against the subject property," he clearly believes MERS to be a party to one or more of the transactions at issue. As such, he is required to name it as a defendant. Acccordingly, this claim is dismissed with leave to amend to the extent Stowers can name MERS as a defendant and plead additional facts connecting MERS to his claim.

>xiii. Claim Fourteen: Intentional Misrepresentation in Violation of California Civil Code §§ 1572, 1709, and 1710.[1]

Stowers' last claim alleges Wells Fargo failed to "reasonably contact plaintiff and or to reasonably engage plaintiff in an interactive process and or discussion that was designed to reasonable [sic] explore with plaintiff, reasonable alternatives that would enable plaintiff to avoid foreclosure and or avoid losing home in foreclosure." (Compl. ¶ 103). It appears that Stowers is attempting to plead, for the third time, that Wells Fargo failed to contact him for a foreclosure assessment. As explained above in the discussion of Claim Seven, Stowers fails to plead facts supporting a plausible entitlement to relief under § 1572. His fraudulent misrepresentation claim under § 1709 also fails. Although Stowers claims Wells Fargo said it would reduce his principal balance to reflect the actual market value of his property, he also acknowledges that the parties entered into negotiations and failed to come to an agreement. In addition to pleading that Wells Fargo made representations that it would give him a loan modification, he must plead facts supporting the claim that Wells Fargo *knew* its representations were false. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Alliance Mortgage Co. v. Rothwell,* 10 Cal. 4th 1226, 1239 (1995). Stowers' allegations are not pled with particularity and do not meet the standards required for a claim to survive a motion to dismiss. *See* Fed. R. Civ. P. 9. Accordingly, this claim is dismissed without leave to amend except to the extent Stowers can plead the "what, where, when, and why" of this claim in any amended complaint.

---

[1] Section § 1710 defines the terms referenced in Section §1709 and does not provide any additional claims.

## V. REQUEST FOR PERMISSION TO FILE LIS PENDENS

Stowers filed two documents, each titled "Notice of Pendency of Action," on March 20 and 21, 2014. (*See* ECF Nos. 29 and 30). Stowers requests immediate relief from his apparently imminent eviction. In particular, he seeks a lis pendens pursuant to Section 405.20 of the California Code of Civil Procedure.[2] A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. Cal. Code Civ. Proc. § 409. "The effect of such notice is that anyone who acquires an interest in the property after the action has been filed will be bound by any judgment which may thereafter be rendered in the action." *Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1144 (1987). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. Accordingly, lis pendens is a provisional remedy which should be applied narrowly." *BGJ Associates, LLC v. Superior Court*, 75 Cal. App. 4th 952, 966-67 (1999).

As a *pro se* litigant, Stowers needs court approval to file a lis pendens regarding the property at issue in this litigation. *See* Cal. Code Civ. Proc. § 405.21; *Wolf v. Wells Fargo Bank, N.A.*, No. C11–01337 WHA, 2011 WL 4595012, at *2 (N.D. Cal. Oct. 4, 2011). As described above, however, all of the claims in his complaint fail. Although Stowers may choose to amend his complaint, he currently has no active claims against Wells Fargo that could justify the recording of a lis pendens. Accordingly, the court has no option but to deny his request.

## VI. CONCLUSION

For the aforementioned reasons, Wells Fargo's motion to dismiss is granted and Stowers' request for permission to file a lis pendens is denied. For clarity's sake, this order holds as follows:

-<u>Claim One</u> (violation of Cal. Bus. & Prof. Code § 17200 predicated on Cal. Civ. Code § 2923.5) is dismissed. Stowers is granted leave to amend to the extent he can state a viable claim under the "unfair" or "fraudulent" prongs.

-<u>Claims Two</u> (breach of implied covenant of good faith and fair dealing) is dismissed without leave to amend.

---

[2] For purposes of seeking court approval to record a lis pendens under California law, a litigant may invoke this state procedural statute in federal court. 28 U.S.C. § 1964; Cal. Civ. Proc. Code § 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.").

-Claim Three (slander of title) is dismissed without leave to amend.

-Claim Four (alter ego liability) is dismissed.  Stowers is granted leave to amend to the extent he can plead facts sufficient to connect MERS to his claim.

-Claim Five (breach of contract) is dismissed.  Stowers is granted leave to amend to the extent he can plead the existence of an underlying contract.

-Claim Six (unjust enrichment) is dismissed without leave to amend.

-Claim Seven (violation of Cal. Bus. & Prof. Code § 17200 predicated on Cal. Civ. Code §§ 2923.3, 2923.6, 1788.17, and 1572) is dismissed with leave to amend to the extent he can state a viable claim under § 1788.17.

-Claim Eight (violation of the Truth in Lending Act) is dismissed without leave to amend.

-Claims Nine (Violation of Cal. Civ. Code § 2923.5) is dismissed without leave to amend.

-Claim Ten (defamation) is dismissed.  Stowers is granted leave to amend to the extent he can plead additional facts, such as actual false statements made by Wells Fargo against him.

-Claim Eleven (false light) is dismissed.  To the extent he can plead additional facts, such as actual false statements made by Wells Fargo, he is granted leave to amend.

-Claim Twelve (void or cancel assignment of deed of trust) is dismissed. Stowers is granted leave to amend to the extent he can plead additional facts that show deficiencies in the original deed of trust.

-Claim Thirteen (cancellation of a voidable contract under the Revenue and Tax Code §§ 23304.1 and 23305A and in violation of Cal. Corp. Code § 191 (C)(7)) is dismissed with leave to amend.

-Claim Fourteen (intentional misrepresentation in violation of Cal. Civ. Code §§ 1572, 1709 and 1710) is dismissed with leave to amend.

Accordingly, Wells Fargo's motion to dismiss is granted.  If Stowers elects to file an amended complaint, he must do so within thirty days.  Additionally, because Wells Fargo successfully invoked res judicata, any amended complaint cannot assert any claims that were or could have been raised in Stowers' 2012 complaint.  <u>Failure to file a timely amended complaint may result in dismissal of the case with prejudice.</u>

IT IS SO ORDERED.

Dated: 3/25/14

_____

RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California